**Salah UDDIN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75552.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 2006.*

Decided Sept. 15, 2006.

Ahmed M. Abdallah, Esq., Hollywood, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Anthony P. Nicastro, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Teresa A. Wallbaum, U.S. Department of Justice, Narcotic and Dangerous Drug Section, Washington, DC, for Respondent.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM **

Salah Uddin, a native and citizen of Bangladesh, petitions for review of the Board of Immigration Appeals' decision adopting and affirming an Immigration Judge's ("IJ") denial of his application for asylum and withholding of deportation, and request for relief under the Convention Against Torture ("CAT"). We review for substantial evidence and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition.

Substantial evidence supports the IJ's conclusion that Uddin did not establish past persecution or a well-founded fear of future persecution. The single beating Uddin received, perpetrated by his Muslim neighbors, does not constitute persecution. *See Castro–Perez v. Gonzales,* 409 F.3d 1069, 1072 (9th Cir.2005). Moreover, Uddin was able to relocate within Bangladesh for a year, and later return to his village to visit for two months, without further incident, which undermines his claim of a well-founded fear of future persecution. *See Lata v. INS,* 204 F.3d 1241, 1245 (9th Cir.2000).

Because Uddin failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of deportation. *See Fisher v. INS,* 79 F.3d 955, 960–61 (9th Cir.1996) (en banc).

Uddin also failed to establish a CAT claim because he did not show that it was more likely than not that he would be tortured if he returned to Bangladesh. *See Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

